**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**FRANKLIN D. PARDEE,**

                              **Plaintiff,**                    **07-CV-0268S(Sr)**

**v.**


**E.I. DUPONT DE NEMOURS AND
COMPANY, et al.,**

                              **Defendants.**

---

---

## DECISION AND ORDER

         This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for

hearing and disposition of all non-dispositive motions or applications.  Dkt. #7.


         Plaintiff commenced this product liability action seeking to hold the

defendants, manufacturers of ortho-toluidine, liable for damages sustained as a result

of his exposure to this chemical from 1957 through 1990 during the course of his

employment at Goodyear Tire and Rubber Company ("Goodyear").  Dkt. #1, ¶ ¶ 8 & 10.

Plaintiff alleges that this exposure caused him to develop bladder cancer, as well as

other physical and mental suffering.  Dkt. #1, ¶ 8.  Plaintiff's complaint alleges theories

of strict liability and negligence.  Dkt. #1, ¶ 12.


         Currently before the Court is plaintiff's motion to compel defendant E.I.

DuPont De Nemours & Company ("DuPont"), to comply with plaintiff's deposition notice

of July 11, 2007 and to award plaintiff reasonable expenses and attorney's fees

resulting from this motion.  Dkt. #13.  Specifically, plaintiff seeks to depose a

representative of DuPont, in accordance with Fed. R. Civ. P. 30(b)(6), to testify with

respect to the following matters:

> (1) The railroad tank cars used by defendant DuPont for
> transporting ortho-toluidine to the Goodyear plant in Niagara
> Falls, New York from 1957 through 1990, including, but not
> limited to, their design and construction, unloading
> mechanisms and procedures, size, color, all information and
> logos painted on their sides, model, manufacturer and
> ownership;
>
> (2)   All health hazard warnings allegedly placed on or with
> such railroad tank cars which were used by DuPont for
> transporting ortho-toluidine to the Goodyear plant in Niagara
> Falls, New York from 1957 through 1990; and
>
> (3) All federal rules and standards concerning or applying to
> the transportation of ortho-toluidine by railroad tank car
> which defendant DuPont followed during the period of 1957
> through 1990.

Dkt. #13-2, pp.2-3.

Plaintiffs' expert witness, David Michaels, Ph.D., who has been deposed

by DuPont in numerous other cases involving incidents of bladder cancer at the

Goodyear plant, opines that DuPont was negligent in failing to utilize the railroad tank

cars to warn individuals, including Goodyear's employees, of the danger of ortho-

toluidine.  Dkt. #13-2, ¶¶ 22-24.  Testimony from DuPont employees testifying at

depositions in other cases suggest that, at some point, DuPont attached warnings to

the valves of the railroad tank cars.  Dkt. #13-2, ¶¶ 25-27.  As a result, plaintiff contends

that he is entitled "to discovery of the content of these warnings, their form, and when

they were placed on the tank car valves."  Dkt. #13-2, ¶ 27.

-2-

In support of the motion to compel, plaintiff declares that he worked at DuPont as a chemical operator in Department 235 from April 16, 1958 through July 29, 1968 and as a shift supervisor and area manager from May 1, 1970 until his retirement on January 31, 1995.  Dkt. #13-4, ¶ 3.  Plaintiff declares that he had daily exposure to ortho-toluidine during the period of 1958 through 1990.  Dkt. #13-4, ¶ 3.  Although he "occasionally was required to unload tank cars," plaintiff declares that he "would regularly walk through the tank car unloading area to check on various processes."  Dkt. #13-4, ¶¶ 4-5.  Plaintiff asserts that he would have noticed and taken precautions if the railroad tank cars had been clearly marked with a warning about the danger of ortho-toluidine.  Dkt. #13-4, ¶ ¶ 7-8.

Defendants oppose this motion on the ground that it is premature.  Dkt. #15.  Specifically, defendants claim that they should be permitted to obtain discovery regarding plaintiff's work assignments and medical records and to depose plaintiff so that they can assess the relevance of plaintiff's deposition notice, particularly with respect to the scope of that notice.  Dkt. #15.  Defendants also assert that the deposition notice is burdensome and an attempt to circumvent the pending motion to compel this testimony in the *Weist* case.[1]  Dkt. #15, ¶ ¶ 5 & 11.

Plaintiff argues that there is no justification for requiring discovery of plaintiff before this deposition.  DKt. #13-10, pp.11-12.  In any event, plaintiff responds that defendants have received significant information, including his personnel, medical,

---

[1] *Weist v. E.I. DuPont de Nemours & Company*, No. 05-CV-534, Dkt. #44.

and worker's compensation records as part of plaintiff's initial disclosure pursuant to

Fed. R. Civ. P. 26(a)(1).  Dkt. #16, pp.7-8.  In addition, plaintiff notes that defendants

have received two NIOSH reports containing individual test results demonstrating

plaintiff's exposure to ortho-toluidine.  Dkt. #16, p.7.


At oral argument regarding this motion, the Court suggested that it would

be more expedient and less burdensome if plaintiff requested the information by way of

interrogatory.  Dkt. #20, pp.49-59.  As a result, plaintiff served interrogatories requesting

the following information:

> 1.  Please state the name, address and job title of each
> person who has supplied information used in answering
> these interrogatories.
>
> 2.  Describe the types of railroad tank cars and tank trucks
> used by defendant DuPont for transporting ortho-toluidine to
> The Goodyear Tire & Rubber Company plant in Niagara
> Falls, New York from 1957 through 1990, including but not
> limited to, their design and construction, unloading
> mechanisms and procedures, size, color, all information and
> logos appearing on their exterior, model, manufacturer,
> ownership and frequency with which they were used to
> transport ortho-toluidine, and identify all persons with
> knowledge of such facts, their current address and job title,
> and identify all documents which relate to such facts.
>
> 3.  State the content of all health hazard warnings allegedly
> placed on or with such railroad tank cars or tank trucks
> which were used by defendant DuPont for transporting
> ortho-toluidine to The Goodyear Tire & Rubber Company
> plant in Niagara Falls, New York from 1957 through 1990,
> identify the exact time periods when each such alleged
> warning was placed on or with such railroad tank cars or
> tank trucks, identify all persons with knowledge of such
> facts, their current address and job title, and identify all
> documents which relate to such facts.

4.   Identify the federal rules or standards which this defendant contends placed any restriction or prohibition on the type and content of health hazard warnings which could have been placed on the exterior of railroad tank cars or tank trucks which defendant DuPont used to transport ortho-toluidine to The Goodyear Tire & Rubber Company plant in Niagara Falls, New York during the period of 1957 through 1990.

5.   Identify all grounds for DuPont's failure to place (a) a warning of the carcinogenity of ortho-toluidine and (b) instructions for its safe use, on the exterior of the railroad tank cars or tank trucks which defendant DuPont used to transport ortho-toluidine to The Goodyear Tire & Rubber Company plant in Niagara Falls, New York during the period of 1957 through 1990, and identify all persons with knowledge of such contentions, their current address and job title, and identify all documents which relate to such contentions.

*Letter dated November 5, 2007, Exh. A.*  DuPont's only substantive response to these interrogatories was with respect to Interrogatory No. 4.  *Letter dated November 5, 2007, Exh. B.*

The Federal Rules of Civil Procedure provide:

Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
(A)   methods of discovery may be used in any sequence; and
(B)   discovery by one party does not require any other party to delay its discovery.

Fed.R.Civ.P. 26(d)(2).  Thus, the Rule does not set forth priority regarding the sequence of discovery, but instead affords the Court discretion to fashion an appropriate sequence of discovery based upon the facts of a particular case.  *See Convermat Corp. v. St. Paul Fire and Marine Ins. Co.,* No. CV-06-1045, 2007 WL

2743679, at *1 (W.D.N.Y. Sept. 18, 2007); *Occidental Chemical Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996).

The Court does not find any justification for defendant's request to depose plaintiff before plaintiff is permitted to depose DuPont's corporate representative regarding the railroad tank cars.  Accordingly, plaintiff's motion to compel (Dkt. #13), is granted.  DuPont shall designate its witness(es) within 30 days of the entry of this Order and submit to deposition within 60 days of the entry of this Order.  However, plaintiff's request for reasonable expenses and attorney's fees resulting from this motion is denied.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
                **March  31, 2008**

                                        **S/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**